# DECLARATION OF CRAIG ALLEN NOACK

I, Craig Allen Noack, hereby declare under penalty of perjury, pursuant to the laws of the United States of America:

1. My name is Craig Allen Noack. I live in San Antonio, Texas. I am over the age of 18 years, and I have never been convicted of a felony, or of any crime involving the making or use of false statements. Except as otherwise stated, I have personal knowledge of the facts stated in this Declaration and such facts are true and correct.

2. I am an attorney licensed in the State of Texas. I graduated from the University of Texas School of Law in 2001. I am admitted to practice before the United States District Courts for the Western, Eastern, Northern, and Southern District of Texas. I have nearly twenty-five (25) years of experience practicing in the field of creditor rights, both in state court proceedings and in bankruptcy cases.

3. I practice law in the Noack Law Firm, PLLC, which maintains offices in San Antonio, Texas and Austin, Texas. I formed the Noack Law Firm, PLLC nearly ten (10) year ago in November 2016. My law firm and I specialize in consumer and commercial receiverships throughout the State of Texas. I am highly experienced and knowledgeable about turnover receiverships in Texas, how they operate, and the laws that govern them. From my practice experience, I have a good understanding of what can and cannot be accomplished through turnover receiverships in Texas. From my practice experience, I also have a good understanding of the Chapter 7 bankruptcy cases and how they operate. I have represented Chapter 7 trustees in fraudulent and preferential transfers in the Eastern District of Texas, and I oversaw the national bankruptcy claims and adversary proceeding practice of Midland Credit Management, Inc., who was amongst the largest proof of claim filers in the United States in the 2015-2017 time frame.

4. By order dated August 7, 2023, I was appointed as the turnover receiver for Cole W. Johnson and Cord H. Johnson (collectively the "Johnsons"). The first turnover and receivership order ("First Receivership Order") was issued by County Court at Law No. 2 in Denton County, Texas. By order dated December 16, 2024, I was again appointed as turnover receiver for the Johnsons. The second turnover and receivership order (the "Second Receivership Order") was issued by the 108th Judicial District Court in Potter County, Texas. Pursuant to the terms of the First Receivership Order and the Second Receivership Order (collectively the "Receivership Orders"), all non-exempt property of the Johnsons is held by me in *custodia legis* and subject to my control as receiver.

5. Both Receivership Orders are still in effect and both receiverships remain active. I have taken collection actions pursuant to the Receivership Orders and seized certain bank accounts for the benefit of creditors.

6. Since the Receivership Orders were entered, I am not aware of any fraudulent transfers or other deliberate actions by the Johnsons to dissipate or dispose of their assets.

7. For the past year, I have been in active discussions with the Johnsons or their representative about potential structures for a negotiated resolution of their debts to all their commercial creditors, including potentially the Petitioning Creditors in the Involuntary Petitions filed against the Johnsons on September 4, 2026, in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division in Case Nos. 26-43993 and 26-43995 (the "Involuntary Petitions"). The potential settlement structure would involve the contribution of a pool of assets or the income stream from a pool of assets to fund a *pro rata* distribution over time to all creditors, including potentially the Petitioning Creditors. It appears to me that a pro rata distribution over time would yield a much larger recovery to creditors generally than would a

liquidation. The Petitioning Creditors have not contacted me regarding a potential settlement of the Johnsons' debts, but I would be happy to work cooperatively with them to help reach a global settlement.

8. My office has done a considerable amount of work to facilitate a global settlement, and I do not see any productive purpose for an involuntary bankruptcy for the Johnsons. I have expended tens of thousands of dollars of attorney time in that effort, which I would claim in any bankruptcy case involving of the Johnsons. It does not appear that Chapter 7 bankruptcy cases involving the Johnsons would generate greater asset value or a larger return to creditors. On the contrary, a liquidation of the Johnsons' nonexempt assets would likely reduce the value of any recovery to creditors. I see no reason why a global settlement structured through the Receivership Orders is not feasible and preferable from the standpoint of maximizing the recovery for all creditors.

September 25, 2026

Craig Allen Noack
San Antonio, Texas

DMS 863966