Robert A. Simon
State Bar No. 18390000
**WHITAKER CHALK SWINDLE**
**& SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0543
Facsimile: (817) 878-0501
**ATTORNEYS FOR ALLEGED DEBTOR,**
**CORD HENRY JOHNSON**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **CORD HENRY JOHNSON,** | § | **Case No. 26-43995-elm** |
| | § | **Chapter 7** |
| **Debtor.** | § | |

**CORD JOHNSON'S MOTION TO TRANSFER AND CONSOLIDATE THIS CASE INTO CASE NO. 26-43993-MXM, PENDING BEFORE THE HONORABLE JUDGE MARK MULLIN**

TO THE HONORABLE EDWARD LEE MORRIS,
UNITED STATES BANKRUPTCY JUDGE:

Cord Henry Johnson ("Cord Johnson"), the alleged debtor and in the above-referenced bankruptcy proceeding, files this Motion to Transfer and Consolidate this Case into Case No. 26-43993-MXM, Pending Before the Honorable Mark X. Mullin (the "Motion"). In support, Cord Johnson respectfully represents the following:

## I.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (C), and (O). Venue is proper in this district pursuant to 28 U.S.C. § 1409 as Cord Johnson lives in the Northern District of Texas and the involuntary petition was filed in this Court.

## II.

## FACTUAL BACKGROUND

### A. The Alleged Debtors, Cord Johnson and Cole Johnson

2. Cord Johnson is a natural person who lives in Hood County, Texas. He is married, but his wife was not included in the involuntary petition. Cord Johnson has a brother, Cole Johnson ("Cole"), who is also subject to an involuntary petition in this Court, in Case No. 26-43993-mxm-7, before the Honorable Mark X. Mullin. Cole Johnson lives in Parker County, Texas. The involuntary petition against Cole Johnson was filed on the same day as this case but preceded this case by several hours. The involuntary case filed against Cole Johnson, in Judge Mullin's court, is the earlier filed case

3. Cole and Cord Johnson are currently involved in various business activities. Cord Johnson's business is the purchase, development, and sale of real estate, through various limited liability companies. Cole is the Co-CEO of Bimergen Energy Corporation ("Bimergen"), which develops and owns utility-scale battery energy storage systems, which are used to store renewable electricity and balance load on the power grid. Bimergen is a public company, traded on the NYSE. Cole is a corporate officer and director, but he is not a shareholder.[1]

4. Bighorn Construction & Reclamation, LLC ("BCR") had a $34 million credit facility with Petitioning Creditors, Cadence Bank ("Cadence")[2] and Century Bank ("Century"). BCR filed a Chapter 7 proceeding in this Court on June 7, 2024, in Case No. 24-42003-mxm-7. The BCR Chapter 7 case remains pending before Judge Mullin. Cole Johnson and Cord Johnson controlled BCR and likely would be considered to be affiliates of BCR pursuant to 11 U.S.C. § 101(2).

---

[1] Certain entities under Cole's control own some Bimergen stock, but not a controlling interest.
[2] Cadence was subsequently acquired by Huntington Bank.

5. Cole and Cord Johnson personally guaranteed BCR's indebtedness to Cadence and Century. Cadence and Century obtained a Final Judgment against Cole Johnson and Cord Johnson jointly and severally on the guaranties. The claims asserted by Petitioning Creditors Spin Capital, LLC and Hunt Guillot & Associates, LLC ("HGA") are also evidenced by single judgments holding Cole Johnson and Cord Johnson liable for the same debts, jointly and severally. The Petitioning Creditors are the same in both involuntary cases, and the debts arise from the same transactions.[3] True and correct copies of the two Involuntary Petitions are attached hereto, incorporated herein by this reference, and marked as **Exhibits "A" and "B."** Cord Johson and Cole Johnson contest the Involuntary Petitions and will oppose entry of orders for relief. The claims, defenses, witnesses, evidence, and governing law will be substantially the same in both involuntary bankruptcy cases.

6. It makes no practical sense to try closely related cases separately in front of different judges. The obvious result of doing so would result in wasting judicial resources, wasting the scarce financial resources of the parties, and running the risk of inconsistent determinations. As a practical matter, cases should be administratively consolidated in one court. The earlier filed case of Cole Johnson and the affiliated case of BCR are before Judge Mullin. Accordingly, both cases should be administratively consolidated for the limited purposes of: (1) creating one scheduling order; (2) creating one discovery order; (3) joint management of pre-trial matters; and (4) conducting one trial before one judge.

## III.

## ARGUMENT AND AUTHORITIES

[3] Crawford Wishew & Lang, PLLC ("CWL") has elected to withdraw from Cole Johnson's involuntary petition and not to proceed further in the case.

7. Federal Rule of Civil Procedure 42(a), allows the Court to consolidate actions that "involve a common question of fact or law." Courts have broad discretion in deciding whether to consolidate. *Am Can! v. Arch Ins. Co*., 2020 U.S. Dist. LEXIS 194789, at *2 (N.D. Tex. June 16, 2020) (citing *Frazier v. Garrison ISD*, 980 F.2d 1514, 1532 (5th Cir. 1993)). In considering whether to consolidate two or more matters, a court may consider several factors, including:

(1) whether the cases are pending in the same court;

(2) whether the cases involve a common party;

(3) whether the cases involve common issues of fact or law;

(4) whether consolidation risks the possibilities of prejudice or confusion, if there is such a risk, and if the risk of inconsistent adjudications, if tried separately, outweighs that risk;

(5) whether consolidation will result in an unfair advantage;

(6) whether consolidation will conserve judicial resources and increase judicial efficiencies; and

(7) whether consolidation will reduce the expenses of trying the cases separately.

*Am Can!*, 2020 U.S. Dist. LEXIS 194789, at *2 (citing *Ashford Hosp. Prime Inc., v. Sessa Capital (Master), LP,* 2017 U.S. Dist. LEXIS 227559, 2017 WL 2955366, at *11 (N.D. Tex. Feb. 17, 2017). Consolidation is appropriate when it will avoid unnecessary cost or delay without prejudicing the rights of the parties. *In re Dupuy Orthopaedics, Inc., v. Pinnacle Hip Implant Prod. Liability Litigation*, 2016 U.S. Dist. LEXIS 157502, at *15 (N.D. Tex. Jan. 8, 2016) (citing *Mills v. Beech Aircraft Corp*., 886 F.2d 758, 762 (5th Cir. 1989)).

8. Based upon the relevant factors, this case should be transferred to the Honorable Judge Mullin and should be consolidated into the Cole Johnson case (Case No. 26-43993) for administrative purposes. The two adversary proceedings involve common parties, common facts,

and common issues of law. *Am Can!*, 2020 U.S. Dist. LEXIS 194789, at *2. The two matters are pending in the same Court, although not before the same Judge. Consolidation of the two matters would not risk prejudice or confusion, as the parties, the court, the operative facts, and the legal issues are identical. Consolidations would not confer an unfair advantage. Instead, consolidation would conserve judicial resources, minimize litigation expenses for the parties, and avoid the risk of inconsistent adjudication of the same fact and legal issues. Therefore, this case should be transferred to the Honorable Judge Mullin and consolidated into the Case No 26-43993-mxm for the limited purposes set forth herein.

**IV.**

**REQUESTED RELIEF**

WHEREFORE, Cord Johson requests that the Court grant this Motion and enter an Order as follow:

1. Granting the Motion as filed;
2. Transferring Case No. 26-43995 to the Honorable Judge Mullin;
2. Consolidating this Case No. 26-43995 with Case No. 26-43993 for the limited purposes of (1) creating one scheduling order; (2) creating one discovery order; (3) management of pretrial matters, and (4) conducting one trial before one judge; and
3. Granting Cord Johson such other and further relief as may be just and proper.

September 30, 2026

Respectfully submitted,

**WHITAKER CHALK SWINDLE**
**& SCHWARTZ PLLC**

By: /s/ Robert A. Simon
Robert A. Simon
Texas Bar No. 18390000
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0543
Facsimile: (817) 878-0501
rsimon@whitakerchalk.com
**ATTORNEYS FOR ALLEGED DEBTOR,**
**CORD HENRY JOHNSON**

## CERTIFICATE OF CONFERENCE

I hereby certify that, on September 30, 2026, I conferred by email with counsel for Petitioning Creditors, regarding the relief sought in the forgoing Motion to Consolidate Proceedings. Counsel for the Petitioning Creditors responded as follows:

Mike Napoli, counsel for Huntington Bank, f/k/a Cadence Bank – Not opposed
John Leininger, counsel for Century Bank and Spin Capital, LLC – Not sure, may oppose.
Russell Woodward, Jr., counsel for Hunt Guillot & Associates, LLC – Not opposed, will defer to other creditors

*/s/ Robert A. Simon*
Robert A. Simon

## CERTIFICATE OF SERVICE

I hereby certify on this 30th day of September 2026, that I served a true and correct copy of the foregoing Motion upon all parties registered to receive service via this Court's ECF notification system.

*/s/ Robert A. Simon*
Robert A. Simon